**Opinion issued November 21, 2017**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-17-00856-CR
―――――――――――――

## IN RE DAVID CLEO RICHARD, Relator

―――――――――――――――――――――――――――――

### Original Proceeding on Petition for Writ of Mandamus

―――――――――――――――――――――――――――――

### MEMORANDUM OPINION

David Cleo Richard, acting pro se, has filed a petition seeking madamus relief against the Texas Board of Pardons and Paroles.[1] This court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs

---

[1] The underlying case is *The State of Texas v. David Richard*, cause number 473584 in the 232nd District Court of Harris County.

against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. TEX. GOV'T CODE § 22.221. The Board of Pardons and Paroles is not a district court or county court judge in this court's district, and Richard has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the Board of Pardons and Paroles. *See* TEX. GOV'T CODE § 22.221; *In re Fowler*, No. 14–15–00712–CR, 2015 WL 5092623, at \*1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (mem. op., not designated for publication).

Accordingly, Richard's petition for writ of mandamus is dismissed for want of jurisdiction.

## PER CURIAM

Panel consists of Justices Keyes, Brown, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).